IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLUNTEER FIREFIGHTER ALLIANCE, INC., a Tennessee not-for-profit corporation,<br><br>      Plaintiff,<br><br>v.<br><br>CHRISTIAN WRIGHT, DIRECTOR OF THE CONSUMER PROTECTION UNIT OF THE DELAWARE DEPARTMENT OF JUSTICE, in his official capacity,<br><br>      ~~Defendant~~<br>and<br>MATTHEW P. DENN, ATTORNEY GENERAL OF THE STATE OF DELAWARE, in his official capacity,<br><br>      Defendants. | Civil Case No. 1:18-cv-01010-RGA<br><br>JURY TRIAL DEMANDED |

### ~~FIRST~~SECOND AMENDED COMPLAINT

Plaintiff Volunteer Firefigher Alliance, Inc., by and through its counsel, alleges for its complaint against ~~Defendant~~Defendants Christian Wright as Director Of The Consumer Protection Unit Of The Department Of Justice ~~("Director~~of the State of Delaware, and Matthew P. Denn, Attorney General Of The State Of Delaware (collectively "Defendants") as follows, all upon information and belief:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, wherein Plaintiff prays for a declaratory judgment as well as permanent injunctions to restrain

~~Defendant~~Defendants from acting under the color of law to deprive Plaintiff of the rights and privileges secured to it by the Constitution of the United States.  Plaintiff also seeks reimbursement of costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

## THE PARTIES

2. Plaintiff Volunteer Firefigher Alliance, Inc. (hereinafter "VFA") is a Tennessee not-for-profit corporation with an address at 800 S. Gay St. Suite 700, Knoxville, TN 37929.

3. Defendant Christian Wright is the Director Of The Consumer Protection Unit Of The Delaware Department Of Justice ~~(hereinafter "~~("Director").  He is a public officer of the State of Delaware charged with overseeing the Consumer Protection Unit of the Delaware Department of Justice, and has a principle place of business at 820 N. French Street, Wilmington, Delaware, 19801.

4. Defendant Matthew P. Denn is the Attorney General Of The State Of Delaware. He is a public officer and chief legal officer of the State of Delaware charged with overseeing, *inter alia*, the Director of the Consumer Protection Unit of the Delaware Department of Justice.  Mr. Denn has a principle place of business at 820 N. French Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

~~4.~~5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as this case involves a federal question arising under the United States Constitution Amendment 1 and under 42 U.S.C. § 1983.

~~5.~~6. This Court has personal jurisdiction over ~~Defendant~~Defendants because ~~Defendant is a~~both Defendants are Delaware ~~resident~~residents and ~~an officer~~officers of the Department of Justice of the State of Delaware.

~~6.~~7. Venue is proper and reasonable in this district under 28 U.S.C. § 1391 because ~~defendant resides~~defendants reside in the district and a substantial part of the events or omissions giving rise to this claim occurred in this district and ~~defendant has~~defendants have significant contacts with the district.

- 2 -

8.      Upon filing of the First Amended Complaint, and service of the Summons upon the Director, officials of the Delaware Department of Justice refused service of the Summons on the asserted basis that the Attorney General for the State of Delaware is the proper party Defendant.

## GENERAL ALLEGATIONS

7.9.    Plaintiff VFA is Tennessee not-for-profit corporation that has been recognized by the Internal Revenue Service as tax-exempt under IRC § 501(c)(3).  VFA's mission is to assist volunteer fire departments across the nation with fundraising, community outreach, volunteer retention and recruitment, and to educate the public about the many benefits local volunteer departments provide their communities and the challenges faced by these departments.

8.10.   To support its mission, VFA solicits charitable contributions nationwide via telephone, mail, and other means.  Until recently, VFA's national charitable solicitation campaigns included charitable solicitations in Delaware.

9.11.   While the solicitation of financial support is subject to reasonable regulation, charitable solicitation is so intertwined with core free speech that it is fully protected by the First Amendment.  *Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 632-633 (1980).  See also *Sec'y of State of Maryland v. Munson*, 467 U.S. 947 (1984) and *Riley v. Nat'l Fed'n of the Blind of N.C.*, 487 U.S. 781 (1988).

10.12.  VFA received a certified letter dated December 7, 2017 from the Delaware Consumer Protection Unit indicating that VFA "may be in violation of the Delaware Charitable/Fraternal Solicitation Act."  The letter requested that VFA provide documents and information to the Consumer Protection Unit and indicated that "this notice serves as a demand for VFA to immediately cease and desist from making charitable solicitations to residents of Delaware that contain …. the terms 'firefighter' [or] 'firemen.'"

11.13.  The letter also warned that "[f]ailure to immediately cease and desist may lead to further enforcement actions against VFA."


~~12.~~14.  The letter cited to 6 Del. C. § 2595(b)(5) which prohibits "use or reference to the term … 'firemen' or 'firefighter' unless the person making such a representation is employed by a bona fide … rescue squad or fire department and the person is authorized by such entity to engage in charitable solicitation or such entity has authorized the use or reference to such term in writing for the purpose of charitable/fraternal solicitation."

~~13.~~15.  VFA expended staff time compiling documents and information to provide to the Consumer Protection Unit only receive a subsequent letter requesting more documents and information.

~~14.~~16.  In response to the enforcement action, VFA suspended solicitation in Delaware.

~~15.~~17.  VFA engaged an attorney to deal with subsequent requests and demands from the Consumer Protection Unit.

**CAUSE OF ACTION #1**

**(Facially Unconstitutional Under the First Amendment)**

~~16.~~18.  Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to ~~15~~17 of the complaint as though fully set forth herein.

~~17.~~19.  On its face, the statutory prohibition of the use of the terms "firemen" and "firefighter" in charitable solicitations violates VFA's right to free speech because it attempts to control the content of VFA's speech and also acts as a prior restraint on VFA's speech

**CAUSE OF ACTION #2**

**(Violation of VFA's right to free speech as applied to VFA)**

~~18.~~20.  Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to ~~15~~17 of the complaint as though fully set forth herein.

~~19.~~21.  By threatening to enforce the unconstitutional statutory prohibition against VFA, the Consumer Protection Unit, and the Defendants, violated VFA's free speech rights by prohibiting it from soliciting charitable contributions in Delaware.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court grant judgment against ~~defendant~~defendants for the following:

A.   A declaration that 6 Del. C. § 2595(b)(5) is unconstitutional and therefore unenforceable (Authority for declaratory relief sought herein by Plaintiffs is conferred upon this Court by 28 U.S.C. § 2201 and by Rule 57 of the Federal Rules of Civil Procedure);

B.   A permanent injunction enjoining the enforcement of the aforementioned provisions by the ~~Director~~Defendants;

C.   An order requiring ~~Defendant~~Defendants to pay all costs, interest, and attorneys' fees as may be incurred with this civil action, pursuant to 42 U.S.C. § 1988;

D.   An order providing that this Court retain jurisdiction to enforce all injunctions granted against ~~Defendant, his~~Defendants, their agents and employees;

E.   An order providing such other relief as the Court may deem just and proper for the purpose of redressing Plaintiff's grievances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by a jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: July 18, 2018

| Of Counsel: | /s/ George Pazuniak |
|---|---|
| | George Pazuniak (DE No. 478) |
| Charles H. Nave | O'KELLY ERNST & JOYCE, LLC |
| Charles H. Nave, P.C. | 901 N. Market Street, Suite 1000 |
| 316 Mountain Avenue, SW | Wilmington, Delaware  19801 |
| Roanoke, VA 24016 | Tel: (302) 478-4230 / 778-4000 |
| Tel: 540 345 8848 | gp@del-iplaw.com |
| Mbl: 540 354 3943 | |
| charlie@nave-law.com | *Attorneys for the Plaintiff* |