**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOLUNTEER FIREFIGHTER ALLIANCE, INC., a Tennessee not-for-profit corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>CHRISTIAN WRIGHT DIRECTOR OF THE CONSUMER PROTECTION UNIT OF THE DELAWARE DEPARTMENT OF JUSTICE, in his official capacity, AND<br>MATTHEW P. DENN, ATTORNEY GENERAL OF THE STATE OF DELAWARE, in his official capacity.<br><br>       Defendants. | )<br>)<br>)<br>)<br>)  C.A. No.: 1:18-cv-01010-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants Christian Wright and Matthew P. Denn (together "Defendants"), by and through their undersigned counsel, hereby respond to the Second Amended Complaint (D.I. 5) of Plaintiff Volunteer Firefighter Alliance, Inc. ("VFA" or "Plaintiff") as follows:

**NATURE OF THE ACTION**

1. This paragraph consists solely of legal conclusions and requires no response from Defendants. To the extent a response is required, denied.

**THE PARTIES**

2. Admitted.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. This paragraph consists solely of legal conclusions and require no response from Defendants. To the extent a response is required, admitted.

6. Admitted only that Defendants are Delaware residents and officers of the Department of Justice of the State of Delaware. The remaining averment in this paragraph consists solely of legal conclusions and requires no response from Defendants. To the extent a response is required, denied.

7. Admitted only that Defendants reside in Delaware. The remaining averments in this paragraph consist solely of legal conclusions and requires no response from Defendants. To the extent a response is required, denied.

8. Denied as stated. Admitted only that Department of Justice staff refused to accept service because it was not in compliance with the requirements of 10 *Del. C.* § 3103(c).

## GENERAL ALLEGATIONS

9. Admitted that the Plaintiff is a Tennessee non-for-profit corporation that has been recognized by the Internal Revenue Service as tax-exempt under IRC § 501(c)(3) and only that Plaintiff identifies its mission as stated.

10. Admitted only that the Plaintiff has been conducting charitable solicitations in the State of Delaware since March 2017 through direct mailings and telemarketing calls placed to Delaware consumers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph. To the extent a response is required, denied.

11. This paragraph consists solely of legal conclusions and requires no response from Defendants. To the extent a response is required, denied.

12. Denied as stated. Admitted that Gillian L. Andrews, Assistant Director of the Consumer Protection Unit of the Delaware Department of Justice mailed a certified letter dated December 7, 2017 to the Plaintiff, and that the letter indicated that the Plaintiff "may be in violation of the Delaware Charitable/Fraternal Solicitation Act."

13. Denied as stated. It is admitted that the letter dated December 7, 2017, stated that "[f]ailure to immediately cease and desist may lead to further enforcement actions against the VFA."

14. Admitted.

15. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff expended staff time compiling documents and information to provide to the Consumer Protection Unit. Admitted that Ms. Andrews mailed a second letter via certified mail to the Plaintiff dated February 8, 2018. The letter dated February 8, 2018 notified Plaintiff that its responses to the December 7, 2017 letter were deficient, specified the deficiencies and requested additional information.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in this paragraph.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in this paragraph.

## CAUSE OF ACTION #1

18. This is a reincorporation paragraph that requires no additional response from Defendants.

19. The averments in this paragraph contains legal contentions and conclusions which do not require a response; to the extent a response is required, denied.

## CAUSE OF ACTION #2

20. This is a reincorporation paragraph that requires no additional response from Defendants.

21. Denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Second Amended Complaint.

* * *

**Defendants deny any and all allegations not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a claim.

2. Service of process has not been properly effected.

3. Plaintiff's claims against Defendants are barred in whole or in part by Eleventh Amendment sovereign immunity.

4. Defendants are entitled to qualified immunity.

5. To the extent that Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

**WHEREFORE**, Defendants respectfully request that this Honorable Court enter judgment for Defendants against Plaintiff on all counts; award Defendants costs and reasonable attorneys' fees and assess same against Plaintiff; and grant Defendants such further relief as this Honorable Court deems just and proper.

        **STATE OF DELAWARE**
        **DEPARTMENT OF JUSTICE**

        /s/ *Carla A.K. Jarosz*
        Carla A.K. Jarosz (I.D. #5424)
        Adria B. Martinelli (I.D. #4056)
        Deputy Attorney General
        Department of Justice
        Carvel State Bldg., 6th Fl.
        820 N. French Street
        Wilmington, DE 19801
        (302) 577-8400

Dated: August 17, 2018        *Attorneys for Defendants Christian Wright and Matthew P. Denn*